## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**SHONDA DELANEY**                                                      **PLAINTIFF**

**v.**                                              **CASE NO. 3:20-cv-00436-HTW-RHWR**

**KILOLO KIJAKAZI,**[1]
*Acting Commissioner of Social*
*Security Administration*                                          **DEFENDANT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is Plaintiff Shonda Delaney's petition for judicial review

of the decision of the Commissioner of the Social Security Administration, denying

her applications for Disability Insurance Benefits ("DIB") under Title II of the Social

Security Act, 42 U.S.C. § 423(d)(1)(A). Plaintiff filed a Brief in Support of Social

Security Benefits. Pl.'s Mem. in Supp. [17]. Defendant Kilolo Kijakazi, Acting

Commissioner of Social Security ("Defendant" or "Commissioner"), has filed a [18]

Motion to Affirm the Commissioner's Decision. Having considered the submissions of

the parties, the record, and relevant law, the undersigned United States Magistrate

Judge finds that the Administrative Law Judge properly considered all of the medical

evidence in the record in determining Plaintiff's residual functional capacity and

recommends granting the [18] Motion to Affirm the Commissioner's Decision.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is automatically substituted, in place of Andrew Saul, as Defendant in this action. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

## I. **BACKGROUND**

Plaintiff Shonda Delaney ("Plaintiff" or "Delaney") filed an application for Title II

benefits on August 10, 2018. Admin. R. [15] at 14. Delaney alleged that her disability

began on July 26, 2018. *Id*. The Commissioner denied Delaney's application initially

and upon reconsideration. *Id*. Delaney then requested a hearing before an

Administrative Law Judge ("ALJ"), who held the hearing on August 20, 2019. *Id*.

Plaintiff was represented by counsel at the hearing. *Id*.

The ALJ rendered an unfavorable decision on October 9, 2019, finding that

Delaney was not under a disability within the meaning of the Social Security Act,

from July 26, 2018 through the date of the decision. *Id*. at 22. The Appeals Council

denied Plaintiff's request for review, and she has appealed that decision to this Court.

*Id*. at 5.

## II. **DISCUSSION**

A. Standard of Review

The Court's review of the Commissioner's decision is limited to an inquiry into

whether there is substantial evidence to support the findings of the

Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the

correct legal standards were applied. 42 U.S.C. § 405 (g); *Falco v. Shalala*, 27 F.3d

160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).

Substantial evidence has been defined as "more than a mere scintilla. It means such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). A district court may not reweigh the evidence, try the case de novo, or substitute its judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475.

A district court must, however, despite its limited role, "scrutinize the record in its entirety to determine the reasonableness of the decision ... and whether substantial evidence exists to support it." *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992). If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Perales*, 402 U.S. at 390.

B.  Standard for Entitlement to Social Security Benefits

A claimant must prove that he or she suffers from a disability in order to be qualified for benefits. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). The Social Security Act defines "disability," in relevant part, as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months
> . . .

42 U.S.C. § 423(d)(1)(A). The Commissioner typically employs a five-step sequential process to determine whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *see also Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). This five-step analysis is as follows:

> First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment enumerated in the listing of impairments in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the [Commissioner] to establish that the claimant can perform relevant work. If the [Commissioner] meets this burden, the claimant must then prove that he cannot in fact perform the work suggested.

*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991); *see also Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). A claimant bears the burden of proof with respect to the first four steps of the inquiry; the burden shifts to the Commissioner at step five. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

C. <u>The Administrative Law Judge's Decision</u>

The ALJ found at the first step that Plaintiff had not engaged in substantial gainful activity after the alleged onset date of July 26, 2018, and at the second step that Plaintiff had the severe impairment of right cubital syndrome. Admin. R. [10] at 16. The ALJ concluded that the "medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28." *Id.*

At the third step, the ALJ determined that the above-mentioned impairment did not meet or equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 18. The ALJ noted that "[s]pecial consideration was given to listings under 1.02 (Major dysfunction of a joint(s) (due to any cause)." *Id.* Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 416.967(b) except she should not climb ladders and scaffolds; and she can only frequently finger, handle, and grip with the right upper extremity." *Id.*

At the fourth step, the ALJ concluded that Plaintiff was unable to perform any past relevant work. *Id.* at 21. Finally, at the fifth step, the ALJ determined that given Plaintiff's RFC, age, education, and work experience, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* at 21 (citation omitted). These include a ticket taker, mail sorter, and parking lot attendant. *Id.* at 21-22. Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* at 22. Plaintiff appealed that decision to this Court. Compl. [1].

D. <u>The ALJ Properly Considered all of the Medical Evidence in the Record in Determining Plaintiff's Residual Functional Capacity</u>

Plaintiff argues that the ALJ erred by not considering all of the medical evidence in the record in determining that Plaintiff's RFC allowed her to frequently finger, hand, and grip with the right upper extremity. Pl.'s Br. [17] at 4. Specifically, Plaintiff argues the ALJ committed a reversible error by failing to consider Plaintiff's need for a wrist splint in determining her RFC. *Id*. In response, the Commissioner asserts that the ALJ properly considered the evidence as a whole in determining Plaintiff's RFC. Defs.' Mem. [19] at 4-5. The Commissioner argues that Plaintiff has cited no objective medical evidence to support the position that the prescription of a forearm splint renders her unable to perform frequent fingering, handling, and gripping. *Id*. at 6.

The undersigned finds that the ALJ properly considered all of the evidence in determining Plaintiff's RFC and that the determination is supported by substantial evidence. A review of the ALJ's decision shows that the ALJ considered Plaintiff's need for a wrist splint in determining her RFC. Admin R. [15] at 19. The ALJ first cited Plaintiff's own testimony that "that Dr. Bennet prescribed a brace for her right hand and planned to send her to PT". *Id*. The ALJ went on to cite all of Plaintiff's testimony regarding the alleged symptoms she experienced, however, the ALJ concluded that

> After careful consideration of the evidence, the undersigned finds that the [Plaintiff's] medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . .

*Id*.

After reviewing the record, the ALJ further opined that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent "because the evidence in the record does not demonstrate that [Plaintiff's] right cubital tunnel syndrome is as severe as she alleges. *Id.* The ALJ cited a series of studies from 2017 that were inconsistent with Plaintiff's testimony that her left-hand pain level was a seven out of ten. *Id.* Additionally, the ALJ cited Dr. Bingham's May 2017 recommendation that Plaintiff have a cubital tunnel release on her hand, before noting that the record did not indicate why to date Plaintiff had not had that procedure. *Id.* at 19-20. The ALJ also noted gaps in Plaintiff's treatment for her hand/arm pain, noting that Plaintiff visited Dr. Bennet in November 2017 but did not seek additional treatment until May 2018. *Id.* at 20. Likewise, Plaintiff had treatment in July 2018 but then did not see Dr. Bennett again until January 2019 "and then waited six months to see him." *Id.* The ALJ also cited evidence showing that Plaintiff "refused a Toradol/Decadron injection for treatment of her pain during her May 2018 visit to GLH." *Id.* The ALJ pointed to Dr. Bennett's treatment records which showed no history of "any problems with grip strength in her right or left hands or that she could not use her left hand to perform activities of daily living." *Id.* at 20. Instead, Dr. Bennett only reported that Plaintiff "experienced some numbness and tingling over the median nerve distribution in her right hand." *Id.*

The ALJ concluded that "[t]he evidence in the record does not support [Plaintiff's] alleged loss of function." *Id.* However, the ALJ opined that the "impairments do result in some functional limitation, and the residual functional capacity has been fashioned

7

to incorporate those limitations and restrictions supported by the medical evidence in the record. *Id.*

For these reasons, the undersigned finds that the ALJ did properly consider all of the medical evidence in determining Plaintiff's RFC and that the ALJ's decision is supported by substantial evidence. The ALJ explicitly considered the Plaintiff's alleged need for a wrist splint in determining her RFC. Further, the ALJ recognized that while the evidence does not support loss of function, it does support that some limitations exists, and the ALJ accounted for those limitations when crating Plaintiff's RFC.

## III.  **RECOMMENDATION**

Based on the above analysis, the undersigned United States Magistrate Judge finds that the ALJ properly considered all of the medical evidence in the record in determining Plaintiff's residual functional capacity and recommends granting the [18] Motion to Affirm the Commissioner's Decision.

## IV.  **NOTICE OF RIGHT TO OBJECT**

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

8

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 9th day of November, 2021.

*s/ Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE